### MARCUS et al. v. PILLSBURY FLOUR MILLS CO. et al. (REVERE SUGAR REFINERY, Intervener).*

(Circuit Court of Appeals, Third Circuit. March 5, 1925.)

No. 3220.

Bankruptcy ⬤═86—Formal notice of proceedings held waived by bankrupts.

Whether bankrupts had due notice of involuntary proceedings against them *held* immaterial, and not to affect the validity of the adjudication, where they were present in court with counsel when the order was presented and signed, with consent of their counsel.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of Jacob Marcus and Benjamin Marcus, individually and as partners, trading as Marcus Bros., bankrupts. The Pillsbury Flour Mills Company and others and the Revere Sugar Refinery, intervener,

*Certiorari denied 45 S. Ct. 514, 69 L. Ed. ——.

petitioned for an amendment of the order of adjudication, and from the order entered the bankrupts appeal. Affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for appellants.

John M. Redden, Frank B. Ingersoll, and Gordon, Smith, Buchanan & Scott, all of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court adjudicating the appellants bankrupts on an involuntary petition filed against them May 7, 1924. On the same day a subpœna, returnable May 29, 1924, was issued. This subpœna was returned under rule 10 on May 24, 1924. Three days later an alias subpœna, returnable on June 10, 1924, was issued. On May 27, 1924, Sachs & Caplan, attorneys for appellants, entered their appearance, and filed an answer denying the act of bankruptcy, and demanded a jury trial. On August 18, 1924, the Revere Sugar Refinery was allowed to intervene and file additional acts of bankruptcy, which, by order, were added to the original petition.

The next day the court ordered. the appellants to answer the petition within 10 days from the service of a copy upon them. No answer was filed to this petition and the appellants allege that notice according to the requirements of the Bankruptcy Act (Comp. St. §§ 9585–9656) was not served upon them of either the order allowing intervention of the Revere Sugar Refinery or the order requiring them to answer within 10 days. On August 28, 1924, the court entered an order adjudicating the appellants bankrupts, individually and as partners. An appeal was taken from this order. A petition was then filed by the Pillsbury Company and the Revere Sugar Refinery on September 8, 1924, praying that the order of adjudication entered on August 28, 1924, be amended, so as to show the consent of the defendants, by their attorney, to the entry of the order of adjudication. In passing on this petition the trial judge said:

"It is the duty of the court to amend the record so as to make it conform to the facts. * ~ * The facts sought to be put into the record by the petition to amend are that the bankrupts themselves were in court and were advised of the application for the signing of the order, and stated in the presence of the court at the time of the order that they did not intend to file an answer to the petition in bankruptcy."

After thus stating the object of the petition, he further said:

"These facts are true: This court, at the time of the signing of the order of adjudication, was engaged in hearing a civil contempt proceeding against the bankrupts, who were present in court themselves and were represented by their counsel, and at the time of the presentation of the order of adjudication to the court the attention of counsel for the bankrupts was called to the fact of presentation, and L. C. Barton, of counsel for the bankrupts, or some other counsel representing them, stated in the presence of the court that the bankrupts did not intend to file any answer' to the petition in bankruptcy. This statement was made at and prior to the time of the signing of the order of adjudication."

The merits of the questions raised depend upon whether or not the appellants were present in court, and stated that they did not intend to file an answer, and in effect consented to the adjudication. If counsel was present in court, his attention being called to the presentation of the order, and he stated that he did not intend to file an answer, and acquiesced in and consented to the signing of the order of adjudication, there is no merit to this appeal.

Counsel at the argument before us admitted that he was in court on the day in question, and did not deny that he was there at the very time when the order was signed, but said in effect that he did not mean to consent to the entry of the order, or did not fully understand what was transpiring. We are satisfied that counsel must have forgotten exactly what took place, and that the order was entered with his then full knowledge and consent.

It follows that the decree is affirmed.